[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE: (#105) DEFENDANTS' MOTION FOR PARTIAL SUMMARY JUDGMENT
On September 28, 2001, the plaintiff, Danbury Mall Associates Limited Partnership (DMA), filed a four count amended complaint against the defendants, Meghas LLC (Meghas), Neerja Jain, and Sanjay Jain (collectively, the Jains).
Count one of the complaint alleges a breach of a lease agreement by Meghas, DMA's tenant.
Count two alleges that the Jains each executed a guaranty of lease agreement by which they promised to pay DMA, as landlord, any charges under the lease that Meghas failed to pay. Count two further alleges that the Jains failed or refused to pay DMA the charges that Meghas failed to pay.
Count three alleges a fraudulent conveyance from Meghas to the Jains.
Count four alleges a dissolution claim against the Jains, as owners of Meghas, pursuant to General Statutes § 34-214. CT Page 2262
Subsequently, the Jains filed an answer dated October 5, 2001.
On October 4, 2001, the Jains filed a motion for partial summary judgment as to count two on the ground that their liability as guarantors of Meghas' lease is limited to five years under the terms of the lease guaranty and, therefore, they are not liable for any sums due and owing by Meghas for any period of time after September 14, 2001.[1] Their motion is accompanied by a memorandum and supporting documentation.[2]
On October 17, 2001, DMA filed an objection to the motion for partial summary judgment with supporting memorandum.[3]
The parties agree that the lease agreement between Meghas and DMA was for a ten year period. (Amended Complaint, Count One, ¶ 3; Answer, dated October 5, 2001, Count One, ¶ 3.) They further agree that Meghas vacated the premises prior to the termination of the first five years of the lease, on May 31, 2001, and that the Jains, as guarantors, are responsible for rents left unpaid by Meghas within those first five years. (Amended Complaint, Count Two, ¶¶ 14, 19; Answer, dated October 5, 2001, Count One, ¶ 9; Count Two, ¶ 3.) The parties disagree, however, as to when the lease commenced. (Amended Complaint, Count One, ¶ 3; Answer dated October 5, 2001, Count One, ¶ 3.) The parties also disagree as to whether, as a result of DMA's acceleration of the entire rental balance within the first five years of the lease, the Jains are liable for charges unpaid by Meghas beyond the initial five year period of the lease.[4] (Amended Complaint, Count Two, ¶¶ 14-20; Answer dated October 5, 2001, Count Two, ¶ 3.) The Jains' motion for partial summary judgment is directed to that portion of count two of DMA's complaint alleging liability for unpaid charges beyond the initial five years of the lease.
Practice Book § 17-49 provides that "[t]he judgment sought shall be rendered forthwith if the pleadings, affidavits and any other proof submitted show that there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law." "In deciding a motion for summary judgment, the trial court must view the evidence in the light most favorable to the nonmoving party. . . . The party seeking summary judgment has the burden of showing the absence of any genuine issue [of] material facts which, under applicable principles of substantive law, entitle him to judgment as a matter of law . . . and the party opposing such a motion must provide an evidentiary foundation to demonstrate the existence of a genuine issue of material fact. . . . A material fact . . . [is] a fact which will make a difference in the result of the case." (Brakets in original; citations omitted; internal quotation marks omitted.) H.O.R.S.E. of Connecticut, Inc. v. Washington,258 Conn. 553, 559-60, 983 A.2d 993 (2001). CT Page 2263
The Jains argue that under the express terms of the guaranty, they are only responsible for any default in the payment of rents or additional rents due and owing under the terms of the lease for the first five years of the lease. Further, they contend that assuming, but not conceding for the purposes of subsequent proceedings in this matter, that the lease commenced on September 15, 1996, therefore the lease guaranty would have terminated no later than September 14, 2001. Thus, the Jains maintain that they are only responsible for rents due and owing on or before September 14, 2001.
Accordingly, the Jains conclude that they are entitled to a partial motion for summary judgment as to liability in their favor on count two of the complaint, and seek a determination as a matter of law that they are not liable for rents which accrue on or after September 14, 2001, or the fifth anniversary of the commencement of Meghas' business, whichever is earlier.[5]
DMA counters that an issue of material fact exists. Specifically, DMA maintains that the Jains' liability under the guaranty agreements hinges on the language of the guaranty agreement and that contract interpretation is a question of the parties' intent. DMA argues that intent raises an issue of material fact which cannot be decided on a motion for summary judgment. DMA further maintains that even if the court finds no issue of material fact, partial summary judgment may not be granted on a portion of a count.
Practice Book § 17-51 provides that "[i]f it appears that [a] defense applies to only part of [a] claim, or that any part is admitted, the moving party may have final judgment forthwith for so much of the claim as the defense does not apply to, or as is admitted, on such terms as may be just; and the action may be severed and proceeded with as respects the remainder of the claim." A majority of Superior Court judges, however, have held that this section does not permit a movant to eliminate some of the allegations in a single count via a motion for summary judgment. See, e.g., Cannata v. Ricciardi, Superior Court, judicial district of Waterbury, Docket No. 144102 (May 15, 2001, West,J.) (denying a motion for summary judgment seeking to eliminate but one of the claims in the defendant's single count); Finelli v. BridgeportHospital, Superior Court, judicial district of Fairfield at Bridgeport, Docket No. 327206 (June 19, 1997, Skolnick, J.) (summary judgment found inappropriate where portion of claim remains viable); Cave v. Farm FamilyMutual Insurance Co., Superior Court, judicial district of Waterbury, Docket No. 125978 (December 31, 1996, Vertefeuille, J.) (18 Conn.L.Rptr. 396, 396-97) (finding no appellate authority which permits summary judgment in favor of the defendant against the CT Page 2264 plaintiff for a portion of a count in the complaint).
The Jains are seeking to eliminate only a portion of DMA's claims in count two of its amended complaint, specifically, DMA's claims for charges accelerated under the lease agreement due to default by Meghas. The Jains are not seeking summary judgment as to count two insofar as count two seeks unpaid charges for the initial five-year period of the lease. For the foregoing reasons, the court finds that summary judgment as to only on a portion of count two is not permitted.
Furthermore, the Jains have not demonstrated they are entitled to summary judgment as a matter of law solely based upon the language of the guaranty agreements.
"Although ordinarily the question of contract interpretation, being a question of the parties' intent, is a question of fact . . . [w]here there is definitive contract language, the determination of what the parties intended by their contractual commitments is a question of law. . . ." (Citations omitted; internal quotation marks omitted.)Tallmadge Bros. v. Iroquois Gas Transmission System L.P.,252 Conn. 479, 495, 746 A.2d 1277 (2000). "`[T]he interpretation and construction of a written contract present only questions of law, within the province of the court . . . so long as the contract is unambiguous and the intent of the parties can be determined from the agreement's face.'" Id., quoting 11 S. Williston Contracts (4th Ed. 1999) § 30:6, pp. 77-83.
The language of the guaranty agreements state in pertinent part "[i]t is understood that the liability hereunder of Guarantor shall continue for and during the first five (5) years of the Lease, notwithstanding any assignment of the Lease or subletting of all or any portion of the premises demised under the Lease. This guaranty shall not be limited to any amounts due under the Lease and shall at all times include the full indebtedness and all other liability and obligation of the Tenant, or any assignee or sublessee of Tenant, to Landlord under the Lease." (Jains' Memorandum, Exhibits A B.)
Having considered the respective claims of the parties, the court finds that, based on the language of the guaranty agreements, the court cannot determine as a matter of law, at this stage of the proceedings, to what extent the Jains are liable under the agreements.
For the forgoing reasons, the motion for partial summary judgment is hereby denied.
By the Court, CT Page 2265
Joseph W. Doherty, Judge